Frank P. ELLIS, Sr., Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 1855.

United States District Court
S. D. Alabama, S. D.
April 11, 1958.

**56**

T. Massey Bedsole (of Hand, Arendall, Bedsole, Greaves & Johnston), Mobile, Ala., for plaintiff.

Ralph Kennamer, U. S. Dist. Atty., Mobile, Ala., for defendant.

DANIEL HOLCOMBE THOMAS, District Judge.

This cause came on to be heard in Open Court on March 4, 1958, on plaintiff's Motion for a Summary Judgment, and the defendant's Opposition thereto, and the plaintiff's Motion to Strike the affidavit attached to defendant's said Opposition; and

The parties appearing by their respective counsel, and the cause being considered upon oral arguments, interrogation of counsel, affidavits filed by the plaintiff in support of his said Motion, the pleadings and deposition filed in said cause, and the affidavit filed in support of defendant's Opposition; and the same having been taken under submission, and briefs received; and

The defendant now having filed on the 14th day of March, 1958, a Supplemental Opposition to plaintiff's Motion for Summary Judgment, and supplemental affidavit attached thereto,

The Court is of the opinion that the plaintiff has established that the defendant has no defense to this cause of action as a matter of law, and such not having been successfully controverted by the defendant, the plaintiff is entitled to a Summary Judgment in his favor.

The facts necessary to the determination of this motion are as follows: This is a suit for a refund of Federal Income Tax, and interest thereon, paid to the Director of Internal Revenue for the District of Alabama, on March 15, 1954, covering an alleged deficiency in income tax assessed against plaintiff for the calendar year 1946. Such deficiency was assessed on the ground that certain shares of stock of Merchants Transfer Company (hereinafter called "Corporation") were transferred by H. C. Beaven to the plaintiff on July 18, 1946, as compensation taxable to plaintiff in the year 1946 under the provisions of Section 22(a) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 22(a). Defendant's defense is predicated entirely on the proposition that such transaction on July 18, 1946, constituted compensation to

plaintiff for services to Corporation, taxable in the year 1946.

Plaintiff had been employed by Corporation since about the year 1912. He was a half-brother of the wife of H. C. Beaven, and had been reared in their home. Plaintiff had never been employed by H. C. Beaven. H. C. Beaven was one of the founders of Corporation in 1906, and was also employed by Corporation as its President until his death November 1, 1946. The only stock Corporation had ever been authorized to issue and have outstanding was 48 shares of $100 par value common capital stock. Prior to 1912, H. C. Beaven had acquired all 48 shares of such stock, but certificates for only 24 shares were ever issued in his name. Certificates for the remaining 24 shares had been endorsed to Beaven and returned to the stock book but never reissued.

Prior to 1946 it had been understood by and between H. C. Beaven and plaintiff that the stock of Corporation was owned about equally between them, but no stock certificate had been issued to the plaintiff. On July 18, 1946, an attempt was made to issue certain shares of such stock to the plaintiff. This attempted transfer was made at the suggestion of an independent public accountant, in an effort to cause the stock book and records of Corporation to reflect the prior to 1946 understanding of H. C. Beaven and the plaintiff as to its ownership.

No stock was transferred by H. C. Beaven to plaintiff by reason of the July 18, 1946, transaction. No certificate was endorsed either in blank or to plaintiff, or to any other specified person for plaintiff, by the said H. C. Beaven or anyone appearing to be the owner thereof, under date of July 18, 1946, or at any time prior or subsequent thereto in the calendar year 1946. Nor was there on July 18, 1946, or at any time prior or subsequent thereto in the calendar year 1946, any delivery to the plaintiff, or to anyone for him, by the said H. C. Beaven, or anyone, of any certificate or certificates evidencing ownership of shares of stock in Corporation, accompanied by a separate document containing a written assignment of the certificate or certificates, or a power of attorney to sell, assign or transfer the same, or the shares represented thereby, signed by the said H. C. Beaven, or anyone, appearing to be the owner of the shares represented thereby.

The only act that was performed was the issuance, under date of July 18, 1946, of Certificate Number 7 from the Corporation's stock book, reciting on its face that it was issued for 22 shares, in the name of plaintiff.

Said transaction of July 18, 1946, did not and could not represent the issuance of additional stock of Corporation, because all of the authorized stock of Corporation had been issued previously, and any attempted issuance was ultra vires and of no effect.

The transaction, construed as an attempted transfer of stock from H. C. Beaven to plaintiff, was null, void and of no effect because of a failure to comply with Section 48 of the Uniform Stock Transfer Act (Title 10, Section 48, of the Code of Alabama of 1940); the said attempted transfer did not result in the constructive receipt of any income by the plaintiff in the taxable year 1946, nor did the plaintiff, who as an individual used the cash basis of accounting for the determination of his income, receive any property, payment in kind, or other economic benefit, as a result of the said attempted transfer in the taxable year 1946; nor did the plaintiff otherwise realize any taxable income in the year 1946 as a result of the said attempted transfer.

H. C. Beaven died November 1, 1946, leaving a last will and testament dated December 8, 1938, filed for probate on the 31st day of December, 1946, and recorded in Will Book 22, page 694, of the records in the Office of the Probate Judge of Mobile County, Alabama. Such last will and testament contained a bequest of the said 22 shares of capital stock of Corporation to plaintiff. There

was no effectual legal transfer of capital stock of Corporation to the plaintiff under date of July 18, 1846, and such transaction did not constitute compensation to cash basis taxpayer plaintiff, for services rendered by plaintiff to Corporation, taxable in the year 1946.

Based on the undisputed facts and admissions appearing from the aforementioned affidavits, oral arguments in Open Court, and the pleadings and deposition filed in this said cause, the Court finds that the plaintiff is entitled to a Summary Judgment as a matter of law.

An order in accordance herewith is this date being entered.